IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RUBEN GUERRERO,** § | |
| § | |
| V. § | A-12-CA-010-SS |
| § | |
| **RICK THALER,** § | |
| **Director, Texas Dept. of Criminal Justice-** § | |
| **Correctional Institutions Division** § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 8); Petitioner's reply to Respondent's answer (Document 15); and Petitioner's Motion for Evidentiary Hearing (Document 16). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus and motion for evidentiary hearing should be dismissed.

**I. STATEMENT OF THE CASE**

**A.    Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas, in cause number D-1-DC-06-

202366. Petitioner was charged with driving while intoxicated, enhanced by two previous DWI convictions, to which he entered a plea of not guilty. A jury, however, found him guilty of the charged offense and found the enhancement paragraphs true. Petitioner was sentenced by the trial court on July 30, 2007, to six years incarceration.

Petitioner did not appeal his conviction. He did, however, challenge his conviction in a state application for habeas corpus relief. The application was filed on July 1, 2011. Ex parte Guerrero, Appl. No. 76,230-05 at 19. The Texas Court of Criminal Appeals denied the application without written order on the findings of the trial court without a hearing on December 21, 2011. Id. at cover.

**B.      Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.   The evidence was insufficient to prove his guilt;

2.   Trial counsel's performance was ineffective because counsel failed to (a) provide a defense, (b) use important witness testimony, (c) avoid a highly prejudicial stipulation, and (d) comply with Petitioner's desire to appeal the conviction;

3.   The State admitted video evidence featuring Petitioner performing drunk tests, thereby violating his Fifth Amendment right; and

4.   The indictment violated his right to due process.

## II.  DISCUSSION AND ANALYSIS

**A.      Statute of Limitations**

Respondent moves to dismiss Petitioner's application as time-barred. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.     Application**

Petitioner's conviction became final, at the latest, on August 29, 2007, at the conclusion of time during which he could have appealed his conviction.  See TEX. R. APP. P. 26.2(a).  Therefore, Petitioner had until August 29, 2008, to timely file his federal application.  Petitioner did not execute his federal application for habeas corpus relief until December 31, 2011, after the limitations period had expired.  Petitioner's state application did not operate to toll the limitations period, because it was filed on July 1, 2011, also after the limitations period had expired.  Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner may be asserting he is entitled to equitable tolling because he was housed in facilities without law libraries.  The Supreme Court announced, the AEDPA's statute of limitations is subject to equitable tolling in proper cases.  See Holland v. Florida, 130 S. Ct. 2549, 2560 (2010).

"A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he ha[d] been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" Mathis v. Thaler, 616 F.3d 461, 474 (5th Cir. 2010) (quoting Holland, 130 S. Ct. at 2562) (alteration in original) (internal quotation marks omitted). Holland defines "diligence" for these purposes as "reasonable diligence, not maximum feasible diligence." 130 S. Ct. at 2565 (internal citations and quotation marks omitted). The Fifth Circuit has repeatedly emphasized that equitable tolling is not available to "those who sleep on their rights." See, e.g., Covey v. Ark. River Co., 865 F.2d 660, 662 (5th Cir. 1989).

Although the Fifth Circuit has permitted equitable tolling in certain cases, it requires a finding of "exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S. Ct. 1474 (1999) (finding "exceptional circumstances" in a case in which the trial court considering the petitioner's application under Section 2254 granted the petitioner several extensions of time past the AEDPA statute of limitations). The Fifth Circuit has consistently found no exceptional circumstances in other cases where petitioners faced non-routine logistical hurdles in submitting timely habeas applications. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (proceeding pro se is not a "rare and exceptional" circumstance because it is typical of those bringing a § 2254 claim); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999) (finding no exceptional circumstances where a petitioner did not learn of the AEDPA until 43 days after its passage and spent 17 days in an incapacitated psychiatric and medical condition inside the limitations period); Cantu-Tzin v. Johnson, 162 F.3d 295, 297 (5th Cir. 1998) (finding no exceptional circumstances where a petitioner showed "disdain for and lack of cooperation with state access-to-counsel procedures and the AEDPA deadline"). As the Fifth Circuit has pointed out, "Congress knew

AEDPA would affect incarcerated individuals with limited access to outside information, yet it failed to provide any tolling based on possible delays in notice." Fisher, 174 F.3d at 714. The Fifth Circuit explained that equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights," and noted that "excusable neglect" does not support equitable tolling. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (quoting Rashidi v. America President Lines, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner states he was unable to timely file his federal application because in August and September of 2007 he was in county jail with no access to a law library or law books. In September until October 2007 Petitioner indicates he was in TDCJ transit. In November 2007 until April 2008 Petitioner admits he was housed in a facility with access to research material. However, Petitioner states he was transferred to a treatment facility with no law library or law books in May 2008. Petitioner was released on parole on March 4, 2009, but was arrested April 15, 2009. According to Petitioner, he was housed in the Travis County Jail from April 2009 until May 2010 until he was transferred to TDCJ. Petitioner once again claims the Travis County Jail has no law library or law books. On June 23, 2010, Petitioner claims he was placed in special housing and was denied direct access to the law library and law books at the Eastham Unit.

The Court finds that Petitioner's circumstances are not "rare and exceptional" in which equitable tolling is warranted. Ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling. See Felder, 204 F.3d at 171–72; Scott v. Johnson, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000). Moreover, Petitioner's

claim he had no access to a law library or law books while confined in the Travis County Jail is not truthful. The Court is aware from many other cases before it that the Travis County Jail has a full time paralegal assisting Travis County inmates with their legal research, forms, and filings. The Court is in direct contact with the legal research department and provides the legal research department forms for filing habeas corpus applications and civil rights complaints for distribution to Travis County inmates.

The record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier. Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.[1]

### III.  RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred and Petitioner's Motion for Evidentiary Hearing be dismissed as moot.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

---

[1] Because Petitioner's application is time-barred, his Motion for Evidentiary Hearing should be dismissed as moot.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of July, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE